Ponciano PABLO–SANCHEZ; Florina Lucas De Pablo Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 99–71661.
I & NS Nos. A72 865 431, A72 865 491.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2000.

Decided May 4, 2001.

Before B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM *

Ponciano Pablo–Sanchez and his wife, Florina Lucas de Pablo, petition for review

---

**1.** We vacate submission of Rodriguez's *Apprendi* claim in an order filed concurrently with this disposition.

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

of a Board of Immigration Appeals ("BIA") decision denying their request for suspension of deportation pursuant to section 244(a)(1) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1254(a)(1) (now repealed). The Pablos also challenge the BIA's denial of their motion to reconsider their case. Because this court lacks subject matter jurisdiction over their claims, we dismiss their petition for review. The parties are familiar with the facts and procedural history of the case; therefore, we will not recount them here.

■ 1. This case is governed by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (1996). The transitional rules of judicial review apply to deportation proceedings initiated prior to April 1, 1997, for which a final order of deportation is issued after October 30, 1996. *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997); IIRIRA § 309(c)(4). Because deportation proceedings were initiated against petitioners on November 3, 1995, and because a final order of deportation was issued when the BIA denied petitioners' appeal in January, 1999, the transitional rules apply to the Pablos' case.

■ 2. We are time-barred from reviewing the BIA's dismissal of the Pablos' original appeal. The BIA's dismissal of that appeal on January 14, 1999, constituted a "final order of deportation" reviewable by this court. 8 C.F.R. § 241.31. The Pablos had thirty days following the issuance of the BIA's order in which to petition for judicial review. IIRIRA § 309(c)(4)(C). The act of filing a petition for reconsideration does not toll this thirty-day period. *See Martinez–Serrano v.*

*INS,* 94 F.3d 1256, 1258 (9th Cir.1996) (holding that "a deportation order is final when issued, irrespective of the later filing of a reconsideration motion, and the aggrieved party [must] seek judicial review of the order within the specified period") (internal quotation omitted). The Pablos did not file for review by this court until December 23, 1999, well past the thirty-day window.

■ 3. We need not reach petitioners' contention that we retain direct review over the BIA's subsequent denial of their motion for reconsideration. Because petitioners did not raise this issue in their opening briefs, it has been waived. *See All Pacific Trading, Inc. v. Vessel M/V Hanjin Yosu,* 7 F.3d 1427, 1434 (9th Cir. 1993).

DISMISSED.